**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
1414 FAIR OAKS AVENUE, UNIT 2B
SOUTH PASADENA, CA 91030
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LEPERA, an individual on behalf of herself and others similarly situated, | No. 1:21-CV-00444-NONE-SKO |
| Plaintiff, | <u>SECOND AMENDED CLASS ACTION COMPLAINT</u> |
| v. | 1. Failure to Pay Overtime Wages (Lab. Code § 510) |
| SNAPMEDTECH, INC.; and DOES 1 to 10 inclusive, | 2. Solicitation by Misrepresentation (Lab. Code § 970) |
| | 3. Failure to Pay Reporting Time Pay (Lab. Code § 1198) |
| Defendants. | 4. Unfair Business Practices (Bus. & Prof. Code § 17200, *et seq.*) |
| | 5. Waiting Time Penalties (Lab. Code § 203) |
| | 6. Civil Penalties (Lab. Code § 2698, *et seq.*) |

DEMAND FOR JURY TRIAL

SECOND AMENDED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1

Plaintiff LISA LEPERA ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a class action lawsuit against SNAPMEDTECH, INC., doing business as SnapNurse ("SnapNurse") for (1) failing to include stipends in the regular rate of pay when calculating overtime wages, (2) inducing persons to move to California and/or within California to perform travel assignments for it with knowingly false misrepresentations, (3) failing to pay reporting time pay, and (4) failing to timely pay all wages owing at the termination of employment.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and SnapNurse are citizens of different states.

3. This Court also has jurisdiction under 28 U.S.C. § 1332(d) because this is a putative class action with more than 100 class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and SnapNurse are citizens of different states.

## VENUE

4. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because SnapNurse transacts business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

5. SnapNurse is a citizen of Delaware with its principal place of business in Georgia. SnapNurse employs numerous hourly health care

professionals for short-term travel assignments at health care providers throughout California (hereafter "Travelers").

6. Plaintiff is a citizen of West Virginia. From approximately January 2021 to March 16, 2021, Plaintiff was employed by SnapNurse as a Traveler and assigned to work at Saint Agnes Medical Center in Fresno, California.

7. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

8. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

9. Defendants SnapNurse and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

## COMMON FACTUAL ALLEGATIONS

10. Travelers' usual or scheduled day's work consists of a 12-hour shift.

11. To induce Travelers to accept offers of employment and travel away from their homes to the assignment locations in California, SnapNurse represents that a certain number of working hours per week will be "guaranteed."

12. For example, as an inducement for Plaintiff to accept its offer of employment and travel to California from West Virginia, SnapNurse represented that she would be "guaranteed" to work 60 hours per week.

13. However, SnapNurse knows that its representation of a "guaranteed" number of working hours is false and is simply an inducement as part of its recruiting process. This is because SnapNurse takes the position that, as "at-will" employees, Travelers may have their "guaranteed" working hours unilaterally reduced "at-will."

14. Accordingly, during the recruitment process when SnapNurse represents to Travelers that a certain number of working hours will be "guaranteed," SnapNurse knows that no amount of work is actually "guaranteed" and it has no intention of honoring the "guaranteed" number of hours it has represented.

15. As a result, Travelers are induced to work travel assignments in California based on a "guaranteed" amount of work but then are often furnished fewer than the number of hours they are "guaranteed."

16. Because SnapNurse deems the "guarantee" to be a term of employment that it may change "at-will," SnapNurse does not pay Travelers for the hours that they were "guaranteed" to work but not put to work.

17. For instance, while Plaintiff was "guaranteed" 60 hours of work per week, SnapNurse did not, in fact, put her to work for 60 hours each week of her assignment. As a result, Plaintiff suffered damages

when she was furnished fewer than her 60 "guaranteed" weekly hours and was not paid for the shortfall in "guaranteed" hours.

18. Nor does SnapNurse pay Travelers any reporting time pay when they report for work but are furnished less than half their usual or scheduled day's work.

19. For example, while Plaintiff's usual day's work consisted of 12 hours, when she reported for work each workday, she was often put to work for less than 6 hours and not paid any reporting time pay.

20. In addition to an hourly wage, SnapNurse pays Travelers a weekly stipend. While the stipend is ostensibly made to reimburse Travelers for expenses incurred while traveling away from home, Travelers are not required to have incurred any expenses in order to be eligible to receive a stipend, and SnapNurse does not require Travelers to verify that they have actually incurred any expenses before it disburses the stipend to Travelers.

21. Instead, the stipend is based exclusively on, and fluctuates solely with, the quantity of work Travelers perform each week. Thus, the stipend functions not to reimburse Travelers for expenses but rather to compensate Travelers for performing work.

22. Notwithstanding that the stipend functions as compensation, SnapNurse does not include the value of the stipend in Travelers' regular rates of pay for purposes of calculating overtime and double time wages.

23. Accordingly, when Travelers work more than 8 hours per day while on assignment for SnapNurse, they are not paid the correct amount of overtime and/or double time wages owing.

///

///

## CLASS ACTION ALLEGATIONS

24. Plaintiff bring her claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following classes:

a) <u>Overtime Class</u>

All non-exempt hourly health care professionals employed by Defendants in California from March 17, 2017 through the date of class certification who worked overtime and were paid a stipend.

b) <u>Misrepresentation Class</u>

All non-exempt hourly health care professionals employed by Defendants in California from March 17, 2017 through the date of class certification who were furnished fewer than the number of weekly hours that were "guaranteed" in their Confirmation of Assignment.

c) <u>Reporting Time Pay Class</u>

All non-exempt hourly health care professionals employed by Defendants in California from March 17, 2017 through the date of class certification who reported for work but were not furnished at least half their usual or scheduled day's work.

25. Plaintiff reserved the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

26. This action may properly be maintained as a class action under Rule 23.

**A. Numerosity**

27. The potential members of the classes as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the classes has not been determined at this time, Plaintiff is informed and believes that the

classes contain in excess of 100 individuals.

**B. Commonality**

28. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether the stipends were unlawfully excluded from the regular rate of pay, whether the "guarantee" of working hours was knowingly false, and whether reporting time pay was owed.

**C.  Typicality**

29. The class claims of the proposed class representative are typical of the claims of each class member.

30. As with other members of the classes, Plaintiff did not have the value of her stipends included in her regular rate of pay when she worked overtime, was scheduled to work fewer than the number of hours that she had been "guaranteed," and reported to work but was not furnished at least half her usual or scheduled day's work.

**D.  Adequacy of Representation**

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the classes. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

**E.  Superiority of Class Action**

32. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes. Each member of the classes has been damaged and is entitled to recover by reason of Defendants' illegal common

policies.

33. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

# **FIRST CAUSE OF ACTION**

## **CLASS CLAIM FOR FAILURE TO PAY OVERTIME**
## **(LABOR CODE § 510)**

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35. Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

36. Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

37. As a result of Defendants' failure to include the value of the stipends in the regular rate calculation, Plaintiff and other members of the overtime class were not paid the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

38. Plaintiff seeks to recover, on behalf of herself and other overtime class members, payment of the overtime and/or double time wages owing to them, plus interest, attorneys' fees and costs, in an

amount to be proven at trial.

## SECOND CAUSE OF ACTION
## CLASS CLAIM FOR SOLICITATION BY MISREPRESENTATION
## (LABOR CODE § 970)

39. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40. Labor Code section 970 provides that no person shall engage any person to change from one place to another in California, or from any place outside to any place within California, for the purpose of working by means of knowingly false representations as to the existence or amount of work to be performed.

41. Labor Code section 972 provides that any person who violates Labor Code section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations.

42. As a result of Defendants' knowingly false misrepresentations as to the quantity of work that would be "guaranteed," Plaintiff and other members of the misrepresentation class traveled away from their homes to perform work in California but were furnished fewer than the number of weekly hours they were "guaranteed."

43. Plaintiff seeks to recover, on behalf of herself and other misrepresentation class members, two times the amount of wages owing to them for the hours they were "guaranteed" but not furnished, plus interest, attorneys' fees and costs, in an amount to be proven at trial.

/ / /
/ / /
/ / /

# THIRD CAUSE OF ACTION
# CLASS CLAIM FOR FAILURE TO PAY REPORTING TIME PAY
# (LABOR CODE § 1198)

44. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45. Section 5 of Wage Order 4 provides that when employees are required to report for work and do report but are not put to work or are furnished less than half their usual or scheduled day's work, they shall be paid for half their usual or scheduled day's work, not to exceed four hours.

46. Labor Code section 1198 makes it unlawful to employ any employee under conditions of labor prohibited by a wage order.

47. Defendants required Plaintiff and other members of the reporting time pay class to report for work each workday.

48. When Plaintiff and other members of the reporting time pay class did report for work, they often were put to work for less than half their usual or scheduled day's work and were sometimes not put to work at all.

49. Plaintiff seeks to recover, on behalf of herself and other reporting time pay class members, four hours of pay at their regular rates of pay for each workday that they reported to work but were not put to work for at least half their usual or scheduled day's work, plus interest, attorneys' fees and costs, in an amount to be proven at trial.

/ / /

/ / /

/ / /

# FOURTH CAUSE OF ACTION
# CLASS CLAIM FOR UNFAIR BUSINESS PRACTICES
# (BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)

50. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

52. Defendants' failure to include the value of the stipends in Plaintiff's and other overtime class members' regular rates of pay, knowingly false misrepresentations as to the number of hours that Plaintiff and other misrepresentation class members would be "guaranteed" to work, and failure to pay reporting time pay violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code sections 510 and 970, and section 5 of Wage Order 4.

53. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

54. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

55. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and

retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## FIFTH CAUSE OF ACTION
## CLASS CLAIM FOR WAITING TIME PENALTIES
## (LABOR CODE § 203)

56. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57. Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee upon the termination of their employment relationship.

58. In violation of Labor Code sections 201 and 202, Plaintiff and other members of the classes who are not currently on assignment with Defendants were never paid the wages owing to them.

59. Defendants' failure to promptly pay Plaintiff and other class members the wages owing them upon the completion of their assignments, as alleged above, was willful, as Defendants intentionally excluded the stipends from the regular rate calculation, intentionally misrepresented the number of "guaranteed" working hours, and intentionally did failed to pay reporting time pay.

60. Pursuant to Labor Code section 203, Plaintiff and other class members are entitled to waiting time penalties in an amount to be determined at trial.

/ / /

/ / /

/ / /

# SIXTH CAUSE OF ACTION
# REPRESENTATIVE CLAIM FOR CIVIL PENALTIES
# (LABOR CODE § 2698, *et seq.*)

61. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62. As a result of Defendants' failure to include the value of the stipends in employees' regular rates of pay, knowingly false misrepresentations as to the number of hours that employees would be "guaranteed" to work, and failure to pay reporting time pay, Defendants have violated Labor Code sections 201, 202, 510, 970, and 1198.

63. Pursuant to California Labor Code section 2698, *et seq.*, Plaintiff, on behalf of herself and all other aggrieved employees, seeks to assess and collect the civil penalties owing for the above-referenced Labor Code violations for all aggrieved employees.

64. On April 1, 2021, Plaintiff gave written notice by online filing with the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, and paid the $75 filing fee.

65. The LWDA did not provide Plaintiff with any notification of its intent to investigate the alleged violations. Plaintiff is therefore entitled to commence a civil action pursuant to Labor Code section 2699.3.

/ / /

/ / /

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

## **Class Certification**

1. That this case be certified as a class action;
2. That Plaintiff be appointed as the representative of the classes; and
3. That counsel for Plaintiff be appointed as counsel for the classes.

## **First Cause of Action**

4. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other overtime class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;

5. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;

7. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8. For such other and further relief as the Court may deem equitable and appropriate.

## **Second Cause of Action**

9. That the Court declare, adjudge and decree that Defendants violated Labor Code section 970 by engaging Plaintiff and other misrepresentation class members to change from one place to another in California, or from any place outside to any place within California, for

the purpose of working by means of knowingly false representations as to the existence and/or amount of work to be performed;

10. For two times the amount of wages owing to Plaintiff and other misrepresentation class members for the hours they were "guaranteed" but not furnished, in accordance with Labor Code section 972;

11. For pre-judgment interest on any wages owing commencing from the date such amounts were due;

12. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 218.5; and

13. For such other and further relief as the Court may deem equitable and appropriate.

### Third Cause of Action

14. That the Court declare, adjudge and decree that Defendants violated Labor Code section 1198 and section 5 of Wage Order 4 by furnishing Plaintiff and other reporting time pay class members less than half their usual or scheduled day's work after they reported for work;

15. For four hours of pay at their regular rates of pay for each workday that they reported to work but were not put to work for at least half their usual or scheduled day's work, in accordance with section 5 of Wage Order 4;

16. For pre-judgment interest on any wages owing commencing from the date such amounts were due;

17. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 218.5; and

18. For such other and further relief as the Court may deem equitable and appropriate.

## Fourth Cause of Action

19. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to include the value of the stipends in Plaintiff's and other overtime class members' regular rates of pay in violation of Labor Code section 510, by making knowingly false misrepresentations as to the number of hours that Plaintiff and other misrepresentation class members would be "guaranteed" to work in violation of Labor Code section 970, and by failing to pay reporting time pay as required by section 5 of Wage Order 4;

20. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class periods;

21. For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

22. For such other and further relief as the Court may deem equitable and appropriate.

## Fifth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201 and/or 202 by willfully failing to promptly pay Plaintiff and other class members all wages owing upon the termination of their employment relationship;

24. For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other class members; and

25. For such other and further relief as the Court may deem equitable and appropriate.

///

///

SECOND AMENDED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

16

## Sixth Cause of Action

26. That the Court declare, adjudge, and decree that Defendants violated Labor Code sections 201, 202, 510, 970, and 1198 by failing to include the value of the stipends in employees' regular rates of pay, making knowingly false misrepresentations as to the number of hours that employees would be "guaranteed" to work, and failing to pay reporting time pay;

27. For civil penalties arising from these Labor Code violations;

28. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to Labor Code section 2699; and

29. For such other and further relief as the Court may deem equitable and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: June 7, 2021  **HAYES PAWLENKO LLP**

By:/s/Kye D. Pawlenko
Attorneys for Plaintiff